# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JULIO SMITH PARRA,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

Case No. 3:14-cv-00288-HDM-VPC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 7).

**I. Procedural History**

    On August 22, 2012, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 1).[1] In his petition, petitioner challenged the denial of his parole. (*Id.*). On September 19, 2012, the state district court filed an order directing respondents to answer or otherwise respond to the petition. (Exhibit 2). On October 19, 2012, respondents filed a motion to dismiss the petition, alleging that the claim was not cognizable in Nevada habeas corpus proceedings, and in the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 7.

alternative, the Nevada parole statutes create no liberty interest. (Exhibit 3). On October 31, 2012, petitioner filed an opposition to the motion to dismiss. On January 24, 2014, the state district court filed an order granting the motion to dismiss. (Exhibit 5). On February 19, 2014, petitioner filed his notice of appeal. (Exhibit 6). The Nevada Supreme Court affirmed the district court's dismissal of the state habeas petition on June 12, 2014. (Exhibit 8). Remittitur issued on July 7, 2014. (Exhibit 9).

Petitioner dispatched his federal petition to this Court on May 31, 2014. (ECF No. 5, at p. 1). Respondents have filed a motion to dismiss the petition. (ECF No. 7). Although this Court granted petitioner three extensions of time to oppose the motion to dismiss, petitioner has not filed an opposition. (ECF Nos. 10, 13, 15). The Court now rules on the motion to dismiss the petition.

**II. Discussion**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a sufficient basis for federal habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (acknowledging that notice pleading is insufficient to satisfy the specific pleading requirement for federal habeas petitions). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

An inmate only has a liberty interest in parole procedures if state statutes create an expectancy of release that is entitled to constitutional protection. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12 (1979). Such a determination is made on a case-by-case basis. *Id.* In 1989, the Nevada Legislature declared that parole in Nevada is an act of grace, creating no liberty interest. The relevant statute reads as follows:

> The Legislature finds and declares that the release or continuation of a person on parole or probation is an act of grace of the State. No person has a right to parole or probation, or to be placed in residential confinement, and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property

>or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees.

NRS 213.10705. The Ninth Circuit has ruled that Nevada inmates have no protected liberty interest in parole. *Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010). As such, the petition fails to state a cognizable claim for federal habeas relief.

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas corpus claim.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

1  **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT**
2  **ACCORDINGLY.**

Dated this 21st day of August, 2015.

_Howard D. McKibben_
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE